UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE AS EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD
CARPENTERS AND JOINERS OF AMERICA,

07 CV 10548 (HB)
ECF CASE

**AFFIDAVIT OF COUNSEL
IN SUPPORT OF
DEFAULT JUDGMENT**

Plaintiffs,

-against-

GRACE INDUSTRIES INC. / EL SOL CONTRACTING
& CONSTRUCTION J/V,

Defendant.

-------------------------------------------------------------------------X
STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

ANDREW GRABOIS, Esq. being duly sworn, deposes and says,

1.    I am associated with the firm of O'Dwyer & Bernstien, LLP, attorneys for

plaintiffs ("Funds") in the above captioned action. I am familiar with all the facts and

circumstances in this action.

2.    I submit this affidavit in support of plaintiffs' motion for default judgment against

Grace Industries Inc. / El Sol Contracting & Construction J/V ("Defendant"), confirming an

arbitration award against the Defendant, dated September 7, 2007.

  3.  Upon information and belief Defendant is a corporation and not an infant, in the military or an incompetent.

  4.  Subject matter jurisdiction of this action is based upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, Sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), Section 515 of ERISA, 29 U.S.C. §1145, and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9.  Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

  5.  Plaintiffs brought this action to collect unpaid employee benefit fund contributions from Defendant, which were due and owing to plaintiffs pursuant to a collective bargaining agreement ("Agreement") between the Defendant and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America.

  6.  Defendant has failed to remit benefit fund contributions to the Funds for hours worked by employees as required under the Agreement.

  7.  Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.  Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated September 7, 2007 determining said dispute.  Upon information and belief, a copy of the award was sent to the defendant.

  8.  The arbitrator found that Defendant was required to pay to the Funds $9,737.74, plus interest at the rate of ten percent (10%) per annum from the date of the award.  (A copy of the award is annexed hereto as Exhibit "A").

9.    The defendant has failed to abide by the award.

10.    Plaintiffs commenced this action on November 26, 2007 by filing a summons and complaint. (A copy is annexed hereto as Exhibit "B"). Plaintiffs subsequently served the summons and complaint together with the Judge's rules upon Defendant by delivering two (2) true copies of the same to the Secretary of the State of New York on December 4, 2007, pursuant to Section 306(b) of New York Business Corporation Law and an affidavit of service was filed with the Court on January 8, 2008. (A copy is annexed hereto as Exhibit "C").

11.    The award at issue has not been vacated or modified and no application for such relief is currently pending.

12.    Defendant has failed to answer or appear or move with respect to the complaint and the time to do so has expired. (A copy of the Clerk's Certificate is annexed hereto as Exhibit "D").

13.    This action is timely as it was filed within the one year statute of limitations applicable to a petition to confirm an arbitrator's award.

14.    Plaintiffs seek a default judgment and order against Defendant and in favor of plaintiffs as follows:

    a.    confirming the arbitrator's award;

    b.    awarding judgment for the plaintiffs and against Defendant in the principal amount of $9,737.74;

    c.    interest of ten percent (10%) per annum on that amount from the date of said award, pursuant to the arbitrator's award;

    d.    attorneys' fees and costs arising out of this action as determined by the court. (An Affidavit of Services is annexed hereto as Exhibit "E" and a

proposed Default Judgment is annexed hereto as Exhibit "F");

e.  such other and further relief as this Court may deem just and proper;

ANDREW GRABOIS (AG 3192)

Sworn to before me this
27th day of February, 2008

NOTARY PUBLIC

**NICHOLAS HANLON**
Notary Public, State of New York
No. 02HA6167368
Qualified in Westchester County
Commission Expires May 29, 2011

4

148'16

# OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR
------------------------------------------------------------------------x
**In the matter of the Arbitration between**

The New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York and Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and Paul O'Brien, as Trustees and Michael J. Forde as Executive Secretary-Treasurer, District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America.

**Petitioners,**

**OPINION AND
DEFAULT AWARD
OF ARBITRATOR**

-against-

**Grace Industries Inc./El Sol Contracting & Construction J/V,**
**Respondent**
------------------------------------------------------------------------x

Pursuant to the provisions of the Collective Bargaining Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 07/01/2000, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claim arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners for sums of money allegedly due to said Benefit Funds by the Respondent.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 03/27/2007, the undersigned by Notice of Hearing dated 05/24/2007, scheduled a hearing for 07/10/2007, in order to determine the dispute between the parties.

1

**OPINION**

On 07/10/2007, at the place and time designated at the aforesaid Notice of Hearing, Steven Kasarda, Esq., appeared on behalf of the Petitioners and submitted proof that the Respondent-Employer had legally sufficient notice of this proceeding and the claims against. There being no appearance on behalf of the Respondent nor any request for an adjournment or extension of time to appear, the undersigned found the Respondent to be in default and proceeded to hear the testimony and take evidence on the claims of the Petitioners.

The uncontroverted testimony and evidence established that the Respondent was bound to a Collective Bargaining Agreement with the New York City District Council of Carpenters and said Agreement became effective 07/01/2000. This Contract obligated the Respondent-Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement. In addition, it authorized the Petitioners to conduct an audit of the Respondent-Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Petitioners. In accordance with this auditing provision, an accountant employed by the Petitioners, with the consent of the Respondent, performed an audit of the books and records of the Respondent herein.

The testimony of the auditor employed by the Petitioners, established that an audit of the books and records of the Respondent had been performed and delinquencies were discovered in the amount of contributions due the aforesaid Funds during the period of 07/01/2001 through 09/10/2006. The testimony further revealed that a copy of the Summary Report of this audit had been forwarded to the Respondent. Thereafter the Petitioners duly demanded payment and upon the Respondent's failure to comply this proceeding was initiated.

2

The testimony of the auditor set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The Summary Report of the audits conducted were also received in evidence. The total amount of the delinquency and interest was Nine Thousand Seven Hundred Thirty Seven & 74/100 dollars ($ 9,737.74). The Petitioners requested that the monies due (including delinquency assessment and interest) plus their Attorney's fee, and the fee of the Arbitrator and court costs be imposed upon the Respondent all as required and set forth in the underlying written contract. Testimony computing these amounts was received in evidence.

## AWARD

Upon the substantial and credible evidence of the case as a whole I find the Respondent-Employer, Grace Industries Inc./El Sol Contracting & Construction J/V, is delinquent in Fringe Benefit monies due under its written agreement and is also obligated to pay delinquency assessment and interest on its delinquency, plus an attorney's fee to the Petitioners and the fee of the undersigned Arbitrator, and court costs all in accordance with the terms and provisions of the Collective Bargaining Agreement in the following amounts:

| | | |
|---|---|---|
| Principal............................... | $ | 3,004.14 |
| Arbitration Interest..................... | $ | 1,307.19 |
| Late Payment Interest.................. | $ | 276.94 |
| Liquidated Assessment Damages..... | 4 | 1,307,19 |
| Court Costs............................. | $ | 350.00 |
| Attorney's Fee.......................... | $ | 1,500.00 |
| Arbitrator's Fee........................ | $ | 500.00 |
| Audit Fee ............................... | $ | 1,450.00 |
| Promo Fee .............................. | $ | 42.28 |
| **TOTAL** | $ | **9,737.74** |

Wherefore, the Trustees of the New York City District Council Carpenters Benefit Funds are awarded an aggregate amount of Nine Thousand Seven Hundred Thirty Seven & 74/100 dollars ($ 9,737.74) which is to be paid forthwith by Grace Industries Inc./El Sol Contracting & Construction J/V with interest to accrue at the rate of 10% from the date of this award.

Dated: Brooklyn, New York
      September 7, 2007

**ROGER E. MAHER,** Arbitrator

To:    Steven Kasarda, Esq.
      New York City District Council Carpenters Benefit Funds
      395 Hudson Street
      New York, New York 10014

      Thomasina Caba
      New York City District Council Carpenters Benefit Funds
      395 Hudson Street
      New York, New York 10014

      Grace Industries Inc./El Sol Contracting & Construction J/V
      43-06 54th Road
      Maspeth, NY 11378
      P. Dominguez, Pres.

**AFFIRMATION**

STATE OF NEW YORK )
COUNTY OF KINGS )
The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

ROGER E. MAHER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY                           07 CV_____
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,                            **SUMMONS**
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD CARPENTERS AND JOINERS
OF AMERICA,



                                    Plaintiffs,

                    -against-

GRACE INDUSTRIES INC. / EL SOL CONTRACTING &
CONSTRUCTION J/V,

                                    Defendant.
-------------------------------------------------------------------------------X

TO:
        Grace Industries Inc. / El Sol Contracting & Construction J/V
        43-06 54th Road
        Maspeth, NY 11378

        **YOU ARE HEREBY SUMMONED** and required to file with the clerk of this court and serve upon

        O'DWYER & BERNSTIEN, LLP
        52 Duane Street
        New York, New York 10007
        (212) 571-7100

an answer to the complaint which is herewith served upon you, within **30 days** after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint.

J. MICHAEL McMAHON                              NOV 2 6 2007

_____                        _____
CLERK                                           DATE

_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERSANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD CARPENTERS AND JOINERS
OF AMERICA,

07 CV_____

**COMPLAINT**

07 CV 10548

JUDGE BAER

                                        Plaintiffs,

                -against-

GRACE INDUSTRIES INC. / EL SOL CONTRACTING
& CONSTRUCTION J/V,

                                        Defendant.
------------------------------------------------------------------------X

NOV 2 6 2007
U.S.D.C. S.D.N.Y.
CASHIERS

        Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer &

Bernstien, LLP, for their Complaint allege as follows:

                            **NATURE OF THE CASE**

        1.      This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Grace Industries Inc. / El Sol Contracting & Construction J/V ("Employer").

## JURISDICTION

2.      This Court has subject matter jurisdiction over this proceeding pursuant to section

301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections

502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"),

29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and

section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.      Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2).

## VENUE

4.      Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.      At all times relevant herein the Plaintiffs were jointly administered, multi-

employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by

employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C.

§186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning

of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.      The Benefit Funds are employee benefit plans within the meaning of sections 3(1)

and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing

health, medical and related welfare benefits, pension and other benefits to eligible participants

and beneficiaries on whose behalf they receive contributions from numerous employers pursuant

to collective bargaining agreements between the employers and the Union.

7.      Upon information and belief defendant Grace Industries Inc. / El Sol Contracting

& Construction J/V is a domestic corporation incorporated under laws of the State of New York

with a principal place of business located at 43-06 54th Road, Maspeth, NY 11378.

2

8.      The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9.      Defendant, Grace Industries Inc. / El Sol Contracting & Construction J/V, was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2000.  Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10.     A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11.     Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.

12.     Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated September 7, 2007 determining said dispute.  Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13.     The arbitrator found that Grace Industries Inc. / El Sol Contracting & Construction J/V had failed to make contributions due to the Benefit Funds for the period July 1, 2001 through September 10, 2006, in the principal amount of $9,737.74.

14.     The arbitrator also found that Grace Industries Inc. / El Sol Contracting & Construction J/V was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

3

15.    The defendant, Grace Industries Inc. / El Sol Contracting & Construction J/V has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.    For an order confirming the arbitration award in all respects;

2.    For entry of judgment in favor of the Plaintiffs and against Grace Industries Inc. / El Sol Contracting & Construction J/V in the principal amount of $9,737.74, plus 10% interest per year from the date of the award to the date of entry of judgment;

3.    For attorneys' fees and costs of this action;

4.    For such other and further relief as this court may deem just and proper.


Dated:  New York, New York
        November 21, 2007

                                        ANDREW GRABOIS (AG 3192)
                                        O'Dwyer & Bernstien, LLP
                                        Attorneys for Plaintiffs
                                        52 Duane Street
                                        New York, NY 10007
                                        (212) 571-7100

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  07 cv 10548                                    Purchased/Filed: November 26, 2007

STATE OF NEW YORK      UNITED STATES DISTRICT COURT              SOUTHERN DISTRICT

---

*The New York City District Council of Carpenters Pension Fund, et al.*    Plaintiff

against

*Grace Industries Inc. / El Sol Contracting & Construction J/V*    Defendant

---

STATE OF NEW YORK         SS.:
COUNTY OF ALBANY

_____ Jessica  Miller _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ December 4, 2007 _____ , at __ 2:00 pm __ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint with Exhibit, Copy of Individual Practices of Judge Harold Baer, Jr., and Copy of
Individual Practices of Magistrate Judge Gabriel W. Gorenstein                               on

_____ El Sol Contracting and Construction Corporation sha El Sol Contracting & Construction _____ , the

Defendant in this action, by delivering to and leaving with _____ Chad Matice _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, __ 2 __ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of __ 40 __ dollars; That said service

was made pursuant to Section __ 306 Business Corporation Law __ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: __ 28 __   Approx. Wt: __ 200 __   Approx. Ht: __ 6'0" __

Color of skin: __ White __   Hair color: __ Brown __   Sex: __ M __   Other: _____

Sworn to before me on this

__ 7th __ day of _____ December, 2007 _____

_____                          _____
DONNA M. TIDINGS                                                 Jessica  Miller
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011                         Invoice•Work Order # SP0710124

**SERVICO. INC. - PO BOX 871 - ALBANY. NEW YORK 12201 - PH 518-463-4179**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND, by
MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE, AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD CARPENTERS AND JOINERS
OF AMERICA

                        Plaintiffs,

          -against-

GRACE INDUSTRIES INC. / EL SOL CONTRACTING
& CONSTRUCTION J/V,

                    Defendant.
------------------------------------------------------------------------X

07 CV 10548 (HB)
ECF CASE

**CLERKS
CERTIFICATE**

     I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of

New York, do hereby certify that this action commenced on November 26, 2007 by filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant, Grace Industries

Inc. / El Sol Contracting & Construction J/V on December 4, 2007, by delivering two (2) true copies thereof to

Chad Matice, an authorized clerk in the Office of the Secretary of State of the State of New York, and proof of

service being filed on January 8, 2008.

     I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise

moved with respect to complaint herein. The default of the defendant is hereby noted.

Dated:   _Feb 26, 2008_
       New York, New York

                            **J. MICHAEL MCMAHON**
                               Clerk of the Court

                By:_____
                                Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS
LABOR MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD CARPENTERS AND JOINERS
OF AMERICA,

07 CV 10548 (HB)
ECF CASE

**AFFIDAVIT OF**
**SERVICES**

                                Plaintiffs,

                    -against-

GRACE INDUSTRIES INC. / EL SOL CONTRACTING
& CONSTRUCTION J/V,

                                Defendant.
-----------------------------------------------------------------------X
STATE OF NEW YORK            )
                             :SS.:
COUNTY OF NEW YORK           )


    ANDREW GRABOIS, being duly sworn, deposes and says:

    1. I am a member of the Bar of this Court and am associated with the firm of O'Dwyer &

Bernstien, LLP, attorneys for plaintiffs herein and submit this affidavit in support of the instant

application for default judgment and order.

2. On November 21, 2007, Rich Gage, a paralegal in this office, drafted a complaint, cover sheet and other required documents. He spent 0.5 hours on this matter at a billing rate of $115.00 per hour for a total of $57.50 in attorneys' fees.

3. On November 21, 2007, your deponent reviewed and finalized the aforementioned documents. I spent 0.5 hours at a billing rate of $320.00 per hour for a total of $160.00 in attorneys' fees.

4. On November 26, 2007, Mr. Gage prepared and filed the aforementioned documents with the Clerk of the Court. He spent 1.0 hour at a billing rate of $115.00 per hour for a total of $115.00 in attorneys' fees.

5. On November 26, 2007, Mr. Gage prepared and filed the aforementioned documents on the Electronic Case Filing system. He spent 0.5 hours at a billing rate of $115.00 per hour for a total of $57.50 in attorneys' fees.

6. On November 26, 2007, Mr. Gage prepared and mailed the aforementioned documents for service of process. He spent 0.5 hours on this matter at a billing rate of $115.00 per hour for a total of $57.50 in attorneys' fees.

7. On January 8, 2008, Ian Henderson, a paralegal in this office, prepared and filed the affidavit of service on the ECF system and with the Clerk of the Court. He spent 0.5 hours on this matter at a billing rate of $200.00 per hour for a total of $100.00 in attorneys' fees.

8. On February 27, 2008, Mr. Henderson drafted the required default documents, including a proposed default judgment and order and affidavit of services rendered. He spent 4.0 hours on this matter at a billing rate of $200.00 per hour for a total of $800.00 in attorneys' fees.

9. On February 27, 2008, your deponent reviewed and finalized the aforementioned default documents. I spent 0.5 hours on this matter at a billing rate of $320.00 per hour for a total of $160.00 in attorneys' fees.

10.  The cost of the process server to effectuate service of process was $60.00.

WHEREFORE, deponent respectfully requests allowance of attorneys' fees in the sum of $1,507.50 and costs arising out of this action in the amount of $60.00 for a total of $1,567.50.

ANDREW GRABOIS (AG 3192)

Sworn to before me this
27th day of February, 2008

NOTARY PUBLIC

NICHOLAS HANLON
Notary Public, State of New York
No. 02HA6167368
Qualified in Westchester County
Commission Expires May 29, 2011

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS WELFARE FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY                                   07 CV 10548 (HB)
DISTRICT COUNCIL OF CARPENTERS                                 ECF CASE
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,                          **DEFAULT JUDGMENT**
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE
and PAUL O'BRIEN, as TRUSTEES, and MICHAEL J.
FORDE AS EXECUTIVE SECRETARY-TREASURER,
DISTRICT COUNCIL FOR NEW YORK CITY AND
VICINITY, UNITED BROTHERHOOD CARPENTERS
AND JOINERS OF AMERICA,

                              Plaintiffs,

              -against-

GRACE INDUSTRIES INC. / EL SOL CONTRACTING
& CONSTRUCTION J/V,

                              Defendant.
------------------------------------------------------------------------X

        This action having been commenced on November 26, 2007 by the filing of a Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant Grace

Industries Inc. / El Sol Contracting & Construction J/V on December 4, 2007 by delivering two (2)

true copies of the same to the Secretary of the State of New York, pursuant to Section 306(b) of New

York Business Corporation Law, and a proof of service having been filed on January 8, 2008 and the

defendant not having answered the Complaint, and the time for answering the Complaint having

expired, and the Clerk of the Court having issued its certificate of default on February 26, 2008, it is

ORDERED, ADJUDGED AND DECREED: That the Plaintiffs have judgment against

Defendant, pursuant to the arbitration award, in the principal amount of $9,737.74 plus interest of ten

percent (10%) per annum from the date of said award, September 7, 2007, through the date of entry of

this judgment, totaling _____, in addition to attorneys' fees and costs in the amount of

$1,567.50 for a total of _____.


Dated: _____
        New York, New York


                                          _____
                                          Honorable Harold Baer, Jr.
                                          United States District Judge

                                          This document was entered on the docket
                                          on _____.

STATE OF NEW YORK      )
                                          :SS.:
COUNTY OF NEW YORK   )

IAN K. HENDERSON, being duly sworn, deposes and says:  I am not a party to the action, am over

18 years of age and reside in Brooklyn, New York.  On the 27th day of February, 2008, I served plaintiffs'

**NOTICE OF MOTION and SUPPORTING DOCUMENTATION** to the following party by

depositing a true copy thereof in a post-paid wrapper, in an official depository, under the exclusive care and

custody of the United States Postal Service within New York State, addressed to the following person at the

last known address set forth after the name below:


TO:    Grace Industries Inc. / El Sol Contracting & Construction J/V
         46-05 54th Roda
         Maspeth, New York 11378


IAN K. HENDERSON

Sworn to before me this
27th day of February, 2008

NOTARY PUBLIC

ANDREW GRABOIS
Notary Public, State of New York
No. 02GR6127051
Qualified in New York County
Commission Expires May 23, 2009